DAVID ELDER (SBN 171510)
delder@housingrightscenter.org
JUDITH B. VASAN (SBN 278115)
JOEL MARRERO (SBN 275601)
3255 Wilshire Boulevard, Suite 1150
Los Angeles, CA  90010
Tel.:  (213) 387-8400 x1116
Fax:  (213) 381-8555

ATTORNEYS FOR PLAINTIFF(S)

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ANA CONTRERAS, MIGUEL CORNEJO MEYER, AMY ARAIZA, and VIDAL FREGOSO, as individuals,<br><br>　　　　Plaintiff(s),<br><br>　vs.<br><br>EDWARD HON, an individual; and BEVEN & BROCK PROPERTY MANAGEMENT COMPANY, INC., a California corporation,<br><br>　　　　Defendant(s). | Case No.: CV13-08297-MMM (Ex)<br><br>Assigned to Courtroom: 780<br>The Hon. Margaret M. Morrow<br><br>**PLAINTIFFS' [PROPOSED]**<br>**FINDINGS OF FACT AND**<br>**CONCLUSIONS OF LAW**<br><br>Action Commenced: 11/07/2013<br>Trial Date:  Not Set<br>Discovery Cut-Off:  Not Set<br>Law & Motion Cut-Off:  Not Set |

　　　　Plaintiffs Amy Araiza and Vidal Fregoso, by and through its undersigned attorney, hereby submit the following [Proposed] Findings of Fact and Conclusions of Law.

### [PROPOSED] FINDINGS OF FACT

　　　　1.　　Plaintiffs Amy Araiza and, her son, Vidal Fregoso, are tenants at Defendants' rental property located at 6805 Rosemead Blvd, #20 San Gabriel,

-1-
PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

California 91755 ("subject property"). (Declaration of Amy Araiza ("Araiza Decl.") at ¶¶ 2, 3; Plaintiffs' Complaint, Dckt. No. 1, at ¶ 6).

2. Ms. Araiza and Mr. Fregoso have resided at the subject property since 2009. They both reside with Mr. Fregoso's two minor children, a two-year old and a two-month old, and Mr. Fregoso's girlfriend, Corina Flores. (Araiza Decl. at ¶ 3; Plaintiffs' Complaint, Dckt. No. 1, at ¶ 6).

3. Plaintiff Ana Contreras and Miguel Cornejo Meyer were tenants at 6805 Rosemead Blvd, #14, San Gabriel, California 91755 from September 23, 2011 through September 30, 2013. Ms. Contreras and Mr. Cornejo Meyer resided at the property with a three-year old child. (Plaintiffs' Complaint, Dckt. No. 1, at ¶ 7).

4. Defendant Edward Hon owns the subject property. The subject property contains thirty-four (34) residential units. Defendant Hon employs Defendant Beven & Brock and Beverly Foreman to manage, maintain, and operate the property on his behalf. (Plaintiffs' Complaint, Dckt. No. 1, at ¶ 8).

5. ~~Defendant Beven & Brock is the property management company for the subject property. Defendant Beven & Brock act individually and as Defendant Hon's agent. (Plaintiffs' Complaint, Dckt. No. 1, at ¶ 9).~~

6. Beverly Foreman is the on-site manager or agent at the subject property. Ms. Foreman acts as an agent and employee for Defendants. (Plaintiffs' Complaint, Dckt. No. 1, at ¶ 10).

7. Ms. Araiza and Mr. Fregoso's total monthly rental amount is $1,260.00. They have never missed a rental payment. (Araiza Decl. at ¶¶ 5, 6).

8. House rules were attached to Ms. Araiza and Mr. Fregoso's lease agreement. ~~These~~ Certain of these rules restrict the activities of children at the subject property. (Araiza Decl. at ¶ 8).

9. The first house rule states, "Loud music or other disturbing noises will not be allowed at any time. If your TV, stereo, musical instruments, your voices or

activities, or ANY other noise from your unit can be heard by your neighbors, it is too loud, and therefore a violation of these rules.  If the noise you create in the common areas can be heard from within the units, it is too loud, and therefore violates these rules.  If you like loud music, use headphones.  As should be obvious, this rule is not intended to apply to un-avoidable noises, such as normal foot-steps, flushing toilets, running garbage disposal, or taking showers." (Araiza Decl. at ¶ 9).

10.   The second house rule states, "The entry hallways, courtyard, walkways, surrounding grounds, planting areas, parking area, and driveway are not a playground or a 'hang-out' area.  Ballgames and the like are not permitted on the common grounds. Play equipment such as bicycles, skateboards, basketball hoops, and soccer nets, etc. shall not be used on the premises, or left in the common areas of the building." (Araiza Decl. at ¶ 12).

11.   Another house rule states, "Children (under the age of 14) of residents, or children visiting residents shall at all times while on the premises, either inside or outside the unit, be in the care and direct control of an adult (over the age of 18)." (Plaintiffs' Complaint, Dckt. No. 1, at ¶ 17).

12.   Ms. Foreman, however, has complained routinely about the children residing with Ms. Araiza and Mr. Fregoso and other minor children playing in the common areas even when adults supervise them.  Ms. Foreman effectively prohibits minor children from playing in the common areas. (Araiza Decl. at ¶ 13).

13.   ~~On or around the middle of 2012, Ms. Foreman went to Ms. Contreras' apartment to complain about Ms. Contreras' son making too much noise while he took a bath. (Plaintiffs' Complaint, Dckt. No. 1, at ¶ 28).~~

14.   ~~In or around July 2013, when Ms. Contreras' son was in the pool playing with a neighbor's child, Ms. Foreman, in reference to the children at the pool, told Ms. Contreras that she did not want to "deal with that crap." (Plaintiffs' Complaint, Dckt. No. 1, at ¶ 29).~~

15. ~~Ms. Foreman routinely reprimanded Ms. Contreras and Mr. Cornejo Meyer for allowing their minor son to play in the common area. (Plaintiffs' Complaint, Dckt. No. 1, at ¶ 30).~~

16. During the summer of 2013, two of Ms. Araiza's other grandchildren, ages 10 and 19, visited her regularly at the property. (Araiza Decl. at ¶ 15).

17. Ms. Araiza's other grandchildren no longer visit her at the property for fear of causing her problems or eviction from her home. (Araiza Decl. at ¶ 28).

18. Ms. Foreman has banged and yelled Ms. Araiza and Mr. Fregoso's door regarding the children in their unit on several occasions throughout their tenancy. Her yelling and banging were loud enough for everyone at the property to hear. (Araiza Decl. at ¶ 18).

19. In or around August 2013, Ms. Foreman banged on Ms. Araiza's apartment door and yelled "you better shut up that kid!" (Araiza Decl. at ¶ 17).

20. On or around August 28, 2013, Defendants issued Ms. Araiza a written notice and attached a copy of the house rules to the notice. (Araiza Decl. at ¶ 19).

21. ~~On or around August 28, 2013, Defendants also issued Ms. Contreras a warning notice. (Plaintiffs' Complaint, Dckt. No. 1, at ¶ 31).~~

22. On or around September 12, 2013, Defendants issued Ms. Araiza a Sixty (60) Day Notice to Quit dated September 11, 2013 without an explanation. (Araiza Decl. at ¶ 20). The notice states that if Ms. Araiza and her family failed to vacate at the end of the sixty days, "legal proceedings will be instituted against you for possession of the premises." This notice expired November 12, 2013.

23. On or around September 13, 2013, Defendants also issued Ms. Contreras and Mr. Cornejo Meyer a Sixty (60) Day Notice to Quit with the same threat of legal proceedings. (Plaintiffs' Complaint, Dckt. No. 1, at ¶ 32).

24. ~~On or around September 19, 2013, Ms. Araiza spoke to Irma Salgado from the Housing Rights Center ("HRC") regarding her tenancy. (Araiza Decl. at ¶ 21; Declaration of Irma Salgado ("Salgado Decl.") at ¶ 3)).~~

25. On September 30, 2013, Ms. Contreras and Mr. Cornejo Meyer vacated the subject property. (Plaintiffs' Complaint, Dckt. No. 1, at ¶ 33).

26. ~~On October 12, 2013, the HRC investigated Ms. Araiza's allegation of discrimination based on familial status by conducting a survey of the subject property by interviewing tenants. (Salgado Decl. at ¶ 7).~~

27. ~~The results of the survey indicated discrimination based on familial status occurs at the property. (Salgado Decl. at ¶ 7).~~

28. ~~Due to Defendants' actions at the property, Ms. Araiza experienced stress, anxiety, helplessness, loss of sleep, embarrassment, and fear of eviction. (Araiza Decl. at ¶ 26).~~

29. Ms. Araiza and Mr. Fregoso would like to continue living at the property. (Araiza Decl. at ¶ 30).

30. Ms. Araiza's 86-year old mother resides in a nursing facility in El Monte, approximately 6 miles away from the subject property. (Araiza Decl. at ¶ 30).

31. Ms. Araiza takes public transportation to her job about 4 miles away from the property. (Araiza Decl. at ¶ 30).

32. Mr. Fregoso hopes to enroll his daughter in a pre-school in Temple City. (Araiza Decl. at ¶ 29).

33. On November 7, 2013, Ms. Araiza and Mr. Fregoso, along with two other Plaintiffs, filed a claim in federal district court against the owner and management company of the subject property for discrimination based on their familial status. (Plaintiffs' Complaint, Dckt. No. 1).

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this action pursuant to 42 U.S.C. § 3613 and 28 U.S.C. §§§ 1331, 1343, and 1367.

2. Plaintiffs meet the definition of an "aggrieved person" pursuant to 42 U.S.C. § 3602(i).

3. The subject property is a "dwelling" pursuant to 42 U.S.C. 3602(b).

4. Plaintiffs will suffer immediate and irreparable injury, loss, or damage in the absence of an injunction. *Winter v. Natural Resources Defense Council, Inc.* 555 U.S. 7, 20 (2008).

5. Plaintiffs are likely to prevail on their claim of discrimination on the basis of familial status based on Defendant establishing and enforcing rules that violate 42 U.S.C. §3604(b) and Cal. Gov't Code § 12955.8.

6. ~~Plaintiffs are likely to prevail on their claim of discrimination on the basis of familial status based on Defendants making statements that indicates a preference, limitation, or discrimination based on familial status in violation of 42 U.S.C. §3604(c) and Cal. Gov't Code § 12955(c).~~

7. ~~Plaintiffs are likely to prevail on their claim of discrimination on the basis of familial status based on Defendants printing rules that indicate a preference, limitation, or discrimination based on familial status in violation of 42 U.S.C. §3604(c) and Cal. Gov't Code § 12955(c).~~

8. ~~Plaintiffs are likely to prevail on their claim of discrimination on the basis of familial status based on Defendants imposing differential terms, treatment, conditions, or privileges associated with a rental unit because of familial status in violation of 42 U.S.C. § 3604(b) and Cal. Gov't Code § 12955(a).~~

9. ~~Plaintiffs are likely to prevail on their claim of discrimination on the basis of familial status based on Defendants intimidating, threatening, or interfering with the exercise and enjoyment of any person because of familial status in violation of 42 U.S.C § 3617 and Cal. Gov't Code § 12955.7.~~

Dated:  November 21, 2013            Respectfully Submitted,

                                                                  JUDITH B. VASAN
                                                                 Attorney for Plaintiff(s)

PLAINTIFFS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW